See The Havana [Case No. 6.226]; The Julia Ann [Id. 7,577].

G. C. BARRAS, The (CONLEY v.). See Case No. 3,103.

## Case No. 5,290.

### GEAR v. FITCH et al.

[3 Ban.. & A. 573; [1] 16 O. G. 1231.]

Circuit Court, D. Massachusetts. Oct. 7, 1878.

PATENTS—ASSIGNMENT OF RIGHT OF ACTION—RECORDING—PROOF OF INFRINGEMENT—COMPLAINANT'S TITLE — PROOF — BANKRUPTCY OF COMPLAINANT.

1. Where the complainant derives his title from an administrator: *Held*, that such title

---

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

was proved by evidence of the signature of the administrator, and of the fact that the consideration for the assignment was paid to him, and by copies from the records of the probate court showing that such assignor was in fact the administrator of the deceased owner of the patent.

2. In equity, the bankruptcy of the complainant and appointment of an assignee, pending a suit on a patent, would not abate the suit. but would only necessitate the filing of a supplemental bill making the assignee a party; and the reconveyance of the patent to the complainant. pending the suit, would render such a proceeding unnecessary.

3. There is no law which requires an assignment of a right of action under a patent to be recorded in the patent office.

4. In assigning a right in action after the suit has been commenced, the person to be notified is he against whom the action is pending, so that he may not pay the wrong person.

5. The answer did not explicitly deny infringement, and a witness was produced who saw one or more infringing machines in the defendants' possession, although not in actual use: *Held*, under the circumstances of this case, that the proof of infringement was sufficient.

In equity. There were eleven of these suits brought [by Alonzo S. Gear against Jonas Fitch and various other defendants] upon the same patent, the pleadings in all of which were the same. Prior to the filing of the bills, a witness visited the several defendants at their respective places of business, and notified them that the complainant was the owner of the patent, and also not to use any machine that infringed the patent, and to make settlement for damages for past use. At the times of making these visits, witness saw, in some instances, the machines in actual use, while, in others, he saw the machines in the possession of the defendants, but not in actual use.

Thomas L. Livermore, for complainant.

D. Hall Rice, for defendants.

LOWELL, District Judge. A patent [No. 10.204] for improvements in moulding-machines was issued to Nathaniel Gear, November 8, 1853. and renewed for seven years in November. 1867. The patent was pronounced valid by Judge Shepley in 1873 (Gear v. Grosvenor [Case No. 5,291]), but the bill in that case was afterward dismissed on a rehearing, in which it appeared that one Scott had an assignment of the invention, which, under a then recent decision of the supreme court, was held to include the extended term of the patent. See the note to the case, Gear v. Grosvenor [supra].

The bills in these cases were filed November 5, 1873, and evidence is given in the record that the complainant at that time held an assignment from the administrator of Scott, which supplies the defect found in his title, in the case against Grosvenor. In the defendants' brief, it is said that this assignment is not sufficiently proved; but the complainant swears to the signature of Smith, the administrator, and to having paid him.

the money, and copies from the records of the probate court prove that Smith was Scott's administrator, which is all that could be asked.

When the argument was opened the defendants asked leave to amend their pleadings so as to set up certain matters occurring since the bills were filed, namely, that in January, 1874, the complainant had conveyed all his rights in the patent, and in the damages, to one S. K. Lovewell, on certain terms of sharing profits and damages with Gear; that in February, 1874, Gear was made bankrupt, and that T. F. Nutter has been duly appointed assignee of his estate and effects, and the prayer was that the complainant be ordered to file a supplemental bill. The evidence upon which this motion was made was printed in the record.

Judge Shepley had refused a similar motion, but, as it was argued again, we have looked at the point. Before the motion was made to Judge Shepley, a bill had been filed against Lovewell by the assignee of Gear's estate in bankruptcy, which had been compromised by leave of court, and Lovewell had conveyed all his interest in the subject-matter to Mr. Nutter, the assignee in bankruptcy, and Mr. Nutter had conveyed to Mr. Livermore, and he to the complainant, so that the complainant has all the title he had when the suit was begun. It was for this reason that Judge Shepley denied the motion. These last-mentioned conveyances from Lovewell to Nutter, and from Nutter through Livermore to the complainant, were made after the extended term of the patent had expired, and were, therefore, assignments of a right of action only.

Where a plaintiff in an action at law, pending when he became bankrupt, had bought the right of action from his assignee in bankruptcy before any plea was interposed, it was held to be too late for the defendant to plead in abatement, and the case proceeded as if he never had been bankrupt. Gerrish v. Gary, 1 Allen, 213.

In equity the case is stronger, because bankruptcy and the appointment of an assignee would not abate the suit, but only require a supplemental bill to be filed, and perhaps under our bankrupt law, which provides that the assignee shall be admitted to prosecute pending actions, even that might not be necessary. But in whatever motive he is to be made a party, there is no occasion to make him one after he has reconveyed his interest to the complainant in the suit. The plea of matters occurring since the original pleadings is met by a replication of other matters still later.

The defendants objected to the admission of these assignments in evidence, because they had not been recorded in the patent office. But we have already seen that they were mere conveyances of the right to maintain these several suits or other similar actions—mere choses in action, in the narrow

cense—after the patent itself had expired, and there is no law requiring such assignments to be recorded. Rev. St. § 4898, give the patentee or his assignee a right to grant and convey an exclusive right under his patent to the whole or any specified part of the United States, and add that a grant or conveyance shall be void as against a subsequent purchaser or mortgagee without notice, unless it is recorded. This means such a grant or conveyance of the patent right as had been before mentioned. In assigning a right in action, the person to be notified is he against whom the action is pending, so that he may not pay the wrong person. The defendants made no settlement with Lovewell or with Nutter, and may now safely account with the complainant.

It is urged that the evidence of infringement is insufficient in some of the cases. The charge being that the several defendants have used the machine, a witness is introduced who saw one or more infringing machines in the possession of each of the defendants. The objection is, that the court cannot properly infer a use of any of the machines, excepting those which the witness saw in actual use at the time of his visit. The complainant has called attention to the fact that the answers do not explicitly deny the infringement. Taking this circumstance with the other evidence, we think a jury would be warranted, if this were an action at law, to find infringement in all the cases.

Interlocutory decree for the complainant in each case.

[For other cases involving this patent, see note to Gear v. Holmes, Case No. 5,292.]